UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:14-CR-034 |
| | ) | |
| MARY COVEY | ) | |

## MEMORANDUM AND ORDER

The indictment in this three-defendant case contains ten counts. Counts One through Six charge defendant Prince Carroll with unlawfully possessing firearms and then selling those firearms to other felons. Counts Seven through Nine charge defendant *Robin* Covey with selling firearms to felons. Both of those defendants have entered guilty pleas and have been sentenced by this court.

Count Ten of the indictment charges *Mary* Covey (hereinafter "the defendant") with a single instance of selling a firearm to a felon. The defendant has pled guilty to that charge and will be sentenced on October 1, 2015.

The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 101], to which the defendant has filed an objection. The defendant objects that

> [t]he Presentence Report does not reflect an adjustment for mitigating role in the offense pursuant to USSG 3B1.2. It is clear from the Indictment that Ms. Covey's participation in the co-defendant's [sic] activities was a one-time occurrence as compared to the culpability of her co-defendants who planned and engaged in the same offenses on multiple occasions. . . . [The defendant] was given a small amount of the money exchanged for the gun as payment for her participation on that one occasion. She was not aware of or involved in the full scope of her codefendants' multiple firearms offenses.
>
> Ms. Covey respectfully asks the court to find that she was a minor to minimal participant in the ongoing criminal activity and to decrease her offense level accordingly by 2 to 4 levels.

[Doc. 104].

Advisory guideline 3B1.2(a) provides for a 4-level downward "minimal participant" adjustment for persons who played "a minimal role in concerted activity," and who had comparatively lesser knowledge of the scope and structure of the crime. *See* U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.4 (2014). Advisory guideline 3B1.2(b) recommends a two-level downward "minor participant" adjustment for persons who are "less culpable than most other participants, but whose role could not be described as minimal. *Id.* cmt. n.5.

It is true that the codefendants in this case were held accountable for more than one firearm, whereas the present defendant is only accountable for one. Thus, it is likely true that the scope of the codefendants' conduct was more serious than the present defendant's. However, the defendant's conduct was still serious - just slightly less so. The knowing transfer of a firearm to a known felon – whether it is done once or thrice – is a significant crime.

2

Moreover, the defendant's objection appears to minimize her culpability by stating that she merely "participat[ed] in the co-defendant's [sic] activities." Paragraph 15 of the PSR provides that the defendant "indicated *she* set up the purchase." At sentencing, the court may accept that unobjected-to paragraph as a finding of fact. *See* Fed. R. Crim. P. 32(i)(3)(A). Thus, the defendant "set up" and conducted the sale of a gun to a known felon. This is not a case in which someone, for example, merely facilitated another criminal's gun sale in some knowing but tangential way.

Further, the advisory guidelines have already sufficiently distinguished the defendants in this case. The offense levels of codefendants Prince Carroll and Robin Covey were increased by two pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because those codefendants each engaged in conduct involving between three and seven firearms. Conversely, the present defendant is being held accountable for one firearm only. She, as a result, is not subject to the § 2K2.1(b)(1)(A) increase that her codefendants received.

In sum, while apparently less culpable than her codefendants, the present defendant nonetheless has admitted that she arranged and conducted the sale of a firearm to a known felon. That is a very serious offense, and the defendant is responsible for it. She knew and understood the scope of her crime and she cannot be described as "*substantially* less culpable than [the] average participant" in the offense. U.S. Sentencing Guidelines Manual § 3B1.1 cmt. n.3(A). If anything, the recommended advisory guideline range of 12 to 18 months *under*states the severity of this defendant's conduct.

The defendant's objection to her PSR is accordingly **OVERRULED**. Sentencing remains set for Thursday, October 1, 2015, at 10:15 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge